NILE J. VINCENT, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vincent v. Commissioner
Docket No. 28802-85.
United States Tax Court
T.C. Memo 1987-490; 1987 Tax Ct. Memo LEXIS 486; 54 T.C.M. (CCH) 688; T.C.M. (RIA) 87490; September 28, 1987. *486 Held: Allegations deemed admitted under Rule 37(c) sufficient to sustain respondent's burden of proving fraud; respondent's Motion for Summary Judgment is granted. Nile J. Vincent, pro se. Kathleen O. Lier, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This case is before the Court on respondent's Motion for Summary Judgment pursuant to Rule 121. [1]
*487 In the notice of deficiency dated April 15, 1985, respondent determined the following deficiencies and additions to tax: Additions to Tax
Section
Section
Taxable Year Ended
Deficiency
6653(b)(1)
6653(a)(2) [2]
December 31, 1980
$ 4,640.00
$ 2,320.00
--
December 31, 1981
12,065.00
6,032.50
--
December 31, 1982
7,234.00
3,617.00
50% of interest
due on $ 7,234
In the statutory notice respondent determined that Nile J. and Carolyn J. Vincent failed to report embezzled income in the amounts of $ 16,462, $ 35,607, and $ 31,151 for the years 1980, 1981, and 1982. In addition respondent determined that a $ 70 medical and dental expense deduction is allowable in lieu of the $ 712 deduction claimed on the Vincent's 1982 return. PROCEDURAL BACKGROUND After issuance of *488 the notice of deficiency an imperfect petition was filed by Nile J. Vincent and Carolyn J. Vincent [3] on July 15, 1985. On August 12, 1985, the Court issued an order for proper petition and filing fee. No response was filed. In an order dated January 27, 1986, and after consideration of the record, the Court determined that the document filed as the petition was not signed by Carolyn J. Vincent and did not purport to be a petition filed on her behalf. Thus a timely petition was not filed by Carolyn J. Vincent and the Court acquired no jurisdiction over her. On the Court's own motion this case was dismissed for lack of jurisdiction as to Carolyn J. Vincent and the caption was changed to reflect the same. The Court further ordered that the case be dismissed for lack of prosecution as to all issues upon which petitioner Nile J. Vincent (hereinafter petitioner) was to bear the burden of proof and allowed respondent 60 days to file an answer as to those issues upon which he was to bear the burden of proof. Respondent timely filed an *489 answer on March 29, 1986. In his answer, respondent made affirmative allegations in support of the additions to tax for fraud under section 6653(b)(1) and (2). Petitioner filed no reply to respondent's answer. On June 19, 1986, respondent filed a Motion for Entry of Order that Undenied Allegations in Answer Pursuant to Tax Court Order that Respondent File an Answer to Those Issues Upon Which He Bears the Burden of Proof, Be Deemed Admitted. The Court notified petitioner that respondent filed said Motion pursuant to Rule 37 and extended the time in which petitioner could file a reply to July 17, 1986. Petitioner filed no reply before or after this date. On July 28, 1986, the Court issued an order granting respondent's Motion and ordering that the affirmative allegations of fact set forth in paragraphs 1 through 12, inclusive, or respondent's answer were deemed to be admitted for purposes of this case. On December 30, 1986, respondent filed a Motion for Summary Judgment. By order dated January 1, 1987, this case was stricken from the trial session of the Court commencing on January 12, 1987, and petitioner was ordered to file with the Court and serve on respondent a response *490 to respondent's Motion for Summary Judgment on or before February 2, 1987. No response was filed. The following findings of fact are based upon the record including allegations in respondent's answer which have been deemed admitted. FINDINGS OF FACT At the time of filing the petition herein, petitioner resided in New Orleans, Louisiana. Petitioner was employed by Hibernia National Bank from January 23, 1974, until April 21, 1982. During 1980, 1981, and 1982, while Assistant Vice-President and Manager of the General Accounting Department of Hibernia National Bank (Hibernia), petitioner embezzled and misapplied funds totaling $ 16,462, $ 35,607, and $ 31,151, respectively. The embezzlement and misapplication of funds was carried out by debiting funds received by Hibernia from internal Hibernia accounts and crediting those funds to various personal and business accounts for petitioner's, his friends', and associates' personal benefit. In pursuance of this fraudulent scheme, petitioner credited the embezzled funds to the Hibernia accounts of his wife, Carolyn Vincent, Stanford P. Barre', Rev. Florence Smith, and Oakwood Construction. The General Accounting Department of *491 Hibernia was responsible for maintaining Hibernia's general ledger, preparing Hibernia's income tax returns, and drafting Hibernia's yearly and monthly financial statements and monthly and quarterly financial reports. As Manager of the General Accounting Department, petitioner had access to Hibernia's internal accounts and was authorized to originate debit and credit items to those accounts. All monies and funds embezzled or misapplied came to petitioner's care, custody, and control as a result of his position as Assistant Vice-President and Manager of the General Accounting Department of Hibernia. Petitioner and his nonpetitioning spouse, Carolyn Vincent, did not report on their 1980, 1981, and 1982 joint income tax returns income in the amounts of $ 16,462, $ 35,607, and $ 31,151, respectively, received from the misapplication and embezzlement of the bank funds. During these years the funds were credited to the following accounts in the amounts indicated: 1980
Date of
Person Whose Account
Transaction
Was Credited
Amount
2/8/80
Stanford P. Barre'
$ 454.00
3/25/80
Stanford P. Barre'
1,020.00
8/20/80
Stanford P. Barre'
1,750.00
10/30/80
Stanford P. Barre'
4,007.17
11/18/80
Stanford P. Barre'
1,190.00
11/13/80
Stanford P. Barre'
1,480.00
12/8/80
Stanford P. Barre'
3,760.00
12/18/80
Stanford P. Barre'
2,800.00
Total
$ 16,461.17
*492 1981
Date of
Person Whose Account
Transaction
Was Credited
Amount
1/2/81
Stanford P. Barre'
$ 1,405.00
1/12/81
Stanford P. Barre'
1,478.00
2/12/81
Stanford P. Barre'
730.00
2/23/81
Stanford P. Barre'
790.71
3/13/81
Stanford P. Barre'
800.00
7/30/81
Stanford P. Barre'
1,900.00
8/31/81
Stanford P. Barre'
1,430.00
11/2/81
Stanford P. Barre'
819.66
1981
Stanford P. Barre'
471.00
7/24/81
Carolyn Vincent
2,100.00
9/4/81
Carolyn Vincent
4,100.00
11/3/81
Carolyn Vincent
747.66
12/29/81
Carolyn Vincent
1,400.00
4/13/81
Oakwood Construction
8,000.00
6/8/81
Oakwood Construction
7,570.00
6/18/81
Rev. Florence Smith
1,865.13
Total
$ 35,607.16
1982
Date of
Person Whose Account
Transaction
Was Credited
Amount
1/7/82
Stanford P. Barre'
$ 1,415.00
2/22/82
Stanford P. Barre'
750.00
4/14/84
Stanford P. Barre'
1,650.00
5/29/82
Stanford P. Barre'
1,380.00
6/22/82
Stanford P. Barre'
1,500.00
9/9/82
Stanford P. Barre'
1,000.00
10/1/82
Stanford P. Barre'
3,100.00
10/14/82
Stanford P. Barre'
5,000.00
10/28/82
Stanford P. Barre'
2,600.00
11/11/82
Stanford P. Barre'
5,300.00
11/23/82
Stanford P. Barre'
1,800.00
12/9/82
Stanford P. Barre'
2,586.00
12/18/82
Stanford P. Barre'
660.00
1/25/82
Carolyn Vincent
1,700.00
2/19/82
Rev. Florence Smith
710.00
Total
$ 31,151.00
*493 As a result of this misapplication and embezzlement of funds respondent determined that the amounts of $ 16,462, $ 35,607, and $ 31,151, respectively, were omitted from petitioner's 1980, 1981, and 1982 income tax returns fraudulently and with intent to evade taxes. [4]
OPINION A party may move for summary judgment upon all or any part of the legal issues in controversy if there are no genuine issues of material fact. Rule 121(b). The burden of proving that there are no genuine issues of material fact is on the moving party. . With respect to the additions to tax under section 6653(b) the burden of proof is on respondent to prove by clear and convincing evidence that an underpayment exists and that a part of the underpayment of tax is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); ; . Fraud is defined as an intentional wrongdoing designed to evade *494 tax believed to be owing. . We have previously determined that respondent's burden can be satisfied through the undenied facts deemed admitted under Rule 37(c). (a Court-reviewed opinion).[5]
In this case respondent has relied solely on petitioner's failure to reply to the answer and the Court's order deeming respondent's affirmative allegations in the answer admitted. These material factual allegations clearly and convincingly establish that for the taxable years 1980, 1981, and 1982, an underpayment of tax exists and part of the underpayment is due to fraud with intent to evade tax. The mere failure to report *495 income, standing alone, may not support a finding of fraud; however, the consistent failure to report substantial amounts of income over a period of years is persuasive evidence of a fraudulent intent to evade taxes. , affg. a Memorandum Opinion of this Court; , affg. on this issue a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court. Here, the evidence shows a consistent pattern of substantial omissions of income by petitioner over a 3-year period. This regular pattern of understatements is strong evidence of intent to evade a tax believed to be owing. [6] Since there is no genuine issue as to any material fact present in the record, respondent is entitled to a decision as a matter of law. Respondent's Motion for Summary Judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
2. Apparently the statutory notice contained a typographical error; the addition respondent meant to impose was pursuant to section 6653(b)(2) (redesignated section 6653(b)(1)(B), Pub. L. 99-514, section 1503(a), 100 Stat. 2742, which applies to returns the due date for which (determined without regard to extensions) is after December 31, 1986).↩
3. Petitioner Nile J. Vincent sent a letter to the Court which was filed on July 15, 1985, as the petition of Nile J. and Carolyn J. Vincent. ↩
4. Respondent's conclusions with respect to the determination of fraud were set forth in the answer as well. ↩
5. See also ; ; ; ; ; (see especially cases cited at n. 8 therein). ↩
6. See . ↩